This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40677**

**RONNY B. COONS,**

Petitioner-Appellant,

v.

**TANYA WILLIAMS,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**John P. Sugg, District Court Judge**

Charles E. Hawthorne
Ruidoso, NM

for Appellant

Freda Howard McSwane, P.C.
Freda H. McSwane
Ruidoso, NM

for Appellee

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}** Petitioner appeals from the district court's order adopting the hearing officer's recommendations for retroactive child support. In this Court's notice of proposed disposition, we proposed to summarily affirm. Petitioner filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Initially, we note that Petitioner's memorandum in opposition raises new matters not originally included in the docketing statement. Our notice of proposed disposition observed that Petitioner did not appear to be contesting the manner in which his

monthly child support obligation was calculated, which this Court gleaned from the record was used to compute a judgment against Petitioner for $20,202.79. [CN 5] Although Petitioner clearly contested the overall amount owed based on his evidence of previous payments, nowhere in the docketing statement did Petitioner challenge the hearing officer's findings of the parties' monthly earnings and imputed income, which the hearing officer used in calculating the total support obligation. Rather, the docketing statement simply noted that Petitioner's child support obligation was calculated "based upon minimum wages of the parties." [DS 3] Petitioner now directs us to the hearing officer's specific findings regarding monthly earnings and incomes, and contends that the hearing officer "changed the amount owed from $26,544.65 to $20,202.79." [MIO 6] Petitioner asserts, for the first time, that "[t]here is no authority that allows a hearing officer to unilaterally change the evidence introduced at court and not allow the other party an opportunity to challenge the evidence." [MIO 6] Because this matter was not included in the docketing statement, we construe its inclusion in the memorandum in opposition as a motion to amend the docketing statement.

{3}     In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

{4}     In the present case, Petitioner fails to meet a majority of these factors. Notably, Petitioner has not provided sufficient information or any supporting authority to demonstrate error, especially given his acknowledgment that the hearing officer's change was supported by numerous factual findings. [MIO 6] *See Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶ 28, 135 N.M. 607, 92 P.3d 53 (explaining that a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence"); *Rael*, 1983-NMCA-081, ¶ 10 ("[T]he rules applicable to docketing statements apply with equal, if not greater, force to requests to amend docketing statements and to fulfill showings of good cause that would persuade us to allow any motion to amend."). In addition, we do not agree that Petitioner was denied "an opportunity to challenge the evidence." [MIO 6] Although Petitioner's memorandum does not include any information concerning whether the alleged error was brought to the attention of the hearing officer or the district court, the parties were given the opportunity to object to the hearing officer's report. [2 RP 340] *See* Rule 1-053.2(G) NMRA ("Any party may file timely objections to the domestic relations hearing officer's recommendations. . . . Objections must specifically identify . . . the specific portions of the recommendations to which the party

objects" and "the specific findings of fact made by the domestic relations hearing officer to which the party objects."); *see also Rael*, 1983-NMCA-081, ¶ 7 (characterizing a showing "that the new issue sought to be raised was either properly preserved below or is cognizable on appeal" as "essential to a showing of good cause for our allowance of an amended docketing statement"). We additionally observe that, because the hearing officer's change resulted in a reduced total amount of damages Petitioner owed to Respondent, Petitioner has not shown any prejudice. [MIO 6] *See Kennedy v. Dexter Consol. Schs.*, 2000-NMSC-025, ¶ 26, 129 N.M. 436, 10 P.3d 115 ("An error is harmless unless the complaining party can show that it created prejudice.").

**{5}**     In light of the foregoing, we conclude that Petitioner's attempt to bring new issues before the Court at this stage does not comply with the requirements for doing so. *See Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17. Nor has Petitioner demonstrated a viable issue. *See Moore*, 1989-NMCA-073, ¶¶ 42-45; *see, e.g.*, *State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement based upon a determination that the argument sought to be raised was not viable). We therefore deny any amendment to the docketing statement, and do not further address Petitioner's claim that the hearing officer "unilaterally change[d] the evidence." [MIO 6]

**{6}**     Petitioner also continues to contest the hearing officer and district court's rulings concerning past child support payments that Petitioner had made and still owed. [MIO 2, 5] Petitioner explains that "[t]he hearing officer's and trial court's refusal to consider [Petitioner's] check stubs as proof of payment is the basis for this appeal." [MIO 2] In regard to this issue, Petitioner's memorandum in opposition is largely not responsive to the specific concerns identified in our notice of proposed disposition. [CN 5-8] This case involves several years of child support obligations, and the record indicates the hearing officer did credit several months of payments made by Petitioner. [2 RP 363-66] Petitioner's generalized and vague assertions that "[i]f the trial court found that [his] offer of evidence was 'self-serving receipts' then that finding is erroneous and an abuse of discretion to so find" [MIO 2], and "[i]f any evidence 'lacked any indicia of credibility' it should be the testimony of Sal Fuentes and the unilateral calculations of the hearing officer, not the hand-written check stubs introduced by [Petitioner] as proof of payment" [MIO 7], are not sufficient for us to conclude the hearing officer or district court erred. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374; *see also Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 1990-NMSC-100, ¶ 8, 111 N.M. 6, 800 P.2d 1063 ("The presumption upon review favors the correctness of the trial court's actions. [An a]ppellant must affirmatively demonstrate its assertion of error."); *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

**{7}** In regard to Petitioner's continued assertion of error based on the hearing officer and district court's refusal to credit insurance and car payments, our notice observed that Petitioner did not cite to any authority in support of this claimed error. Petitioner's memorandum raises the same generalized claim, but again fails to direct us to any legal authority in support of his argument. Petitioner has therefore not demonstrated error in regard to this issue. *See Farmers, Inc.*, 1990-NMSC-100, ¶ 8; *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

**{8}** Lastly, we note that Petitioner does not raise any objections to our proposed disposition of the jurisdictional issue; rather, he states that "the jurisdiction issue can be summarily affirmed without objection." [MIO 1] Accordingly, we do not address the issue further. *Cf. State v. Johnson*, 1988-NMCA-029, ¶ 8, 107 N.M. 356, 758 P.2d 306 (explaining that when a case is decided on the summary calendar, an issue is deemed abandoned when a party fails to respond to the proposed disposition of that issue). Petitioner has not otherwise asserted any facts, law, or argument in his memorandum in opposition that persuades this Court that our notice of proposed disposition was erroneous. *See Mondragon*, 1988-NMCA-027, ¶ 10; *Hennessy*, 1998-NMCA-036, ¶ 24.

**{9}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{10} IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**KATHERINE A. WRAY, Judge**